## H. A. Stoddard v. The Decatur Cracker Co.

1. CORPORATIONS—*Assignment of Stock Rights of Assignees.*—The assignee of stock in a corporation takes it subject to any equities which exist between the assignor and the corporation, and he can not invoke the law of an innocent purchaser for value to protect himself.

Bill, to compel the issue of certificates of stock, etc. Trial in the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Decree dismissing the bill for want of equity; appeal by complainant. Heard in this court at the May term, 1899. Opinion filed September 20, 1899.

R. H. McANULTY, JOHN L. KING, T. F. DREW and GEO. A. WOOD, attorneys for appellant, contended that the appellant bought this stock in good faith, for a valuable consideration, after a careful investigation and as a *bona fide* purchaser, and should be protected against the corporation because the law of estoppel applies to a *bona fide* purchaser of stock in a corporation in almost every instance where it applies to the purchaser of a promissory note. Cook on Stock and Stockholders (2d Ed.), p. 416; Williams v. Fletcher, 129 Ill. 357; McNeil v. Tenth National Bank, 46 N. Y. 325; Otis v. Gardner, 105 Ill. 436.

MILLS BROS. and JOHNS & HOUSUM, attorneys for appellee.

The right of a person to shares of stock in a private corporation is a chose in action.   Union Nat'l Bank of Chicago v. Byram, 131 Ill. 93; Kellogg v. Stockwell, 75 Ill. 68; Otis v. Gardner, 105 Ill. 436.

The assignee of such a right takes it subject to any equities which may exist, either between the assignor and assignee, or assignor and the corporation, or assignor and stockholders in corporation.   Commercial Nat'l Bank v. Burch, 141 Ill. 519; Sutherland v. Reeve, 151 Ill. 384; Craig v. Hesperia Land & Water Co., 113 Cal. 7, 54 Am. St. Rep. 316; Visalia & Tulare R. R. Co. v. Hyde, 110 Cal. 632, 52 Am. St. Rep. 136; Young v. South Tredegar Iron Co., 85 Tenn. 189, 4 Am. St. Rep. 752; East Birmingham Land Co. v. Dennis, 85 Ala. 565, 7 Am. St. Rep. 73; 2 Thomp. on Corp., Secs. 2353, 2591; Morawetz on Private Corporations (2d Ed.), Secs. 194, 265, 267, 958; Kellogg v. Stockwell, 75 Ill. 68; Marseilles Land Co. v. Aldrich, 86 Ill. 504; Mechanics' Bank v. N. Y. & N. H. R. R. Co., 13 N. Y. 599; Wadsworth v. Hocking, 61 Ill. App. 159.

Shares of stock are not negotiable in the commercial sense.   1 Thomp. on Corp., Secs. 2353, 2587; Jennings v. Bank of Cal., 79 Cal. 323, 12 Am. St. Rep. 145; Rapalje & Law Dict. Vol. 2, p. 1185, Sec. 4; Campbell v. Morgan, 4 Ill. App. 100; East Birmingham Land Co. v. Dennis, 85 Ala. 565, 7 Am. St. Rep. 73; Young v. South Tredegar Iron Co., 85 Tenn. 189, 4 Am. St. Rep. 752; Craig v. Hesperia Land & Water Co., 113 Cal. 7, 54 Am. St. Rep. 316; Shaw v. Spencer, 100 Mass. 383.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a bill in equity heard in the Circuit Court of Macon County, and that court dismissed the bill for want of equity.

By this bill the appellant charged that the Decatur Steam Bakery, of Decatur, Illinois, became duly organized as a corporation under the law of Illinois, on March 10, 1885,

with a capital stock of $10,000, divided into one thousand shares of the par value of ten dollars each, all subscribed for and duly paid up; that on September 17, 1891, said corporation changed its corporate name to that of The Decatur Cracker Company, and under that name is still doing the business for which it was organized; that one Robert Carriens became the owner of 250 shares of the capital stock of that corporation when it was first organized, and paid the full par value therefor, and afterward, on the 8th of October, 1889, he, for value, assigned those shares of stock to one Demas A. Barrockman, who on the next day, for value, assigned same to Maria L. Barrockman, who, on May 12, 1890, for value, assigned the same to the appellant, who is still the owner thereof. All of the said assignments being in writing, duly acknowledged, and are recorded in the office of the recorder of deeds of Macon county, Illinois; that the appellant has requested said corporation to issue to him a certificate for these shares of stock, so held by him, and to make transfers to him of the same upon its books, but it refused, and still refuses, to recognize him as one of its stockholders, or to permit him to take any part in the management or control of any of its business whatever, as stockholder or otherwise.

The prayer of the bill is that the appellee be compelled to to issue to the appellant a certificate for the 250 shares of capital stock, to enter the transfer thereof to him upon its books, to recognize him as one of its stockholders, etc., and for general relief.

The defendant answered, and the proofs taken show that the corporation was organized at the time and in the manner stated in the bill, and that Carriens was one of the original owners of 250 of its 1,000 shares of capital stock of the par value of $10 each, upon which he paid the corporation ninety-five per cent of the par value thereof; and that at a meeting of all the stockholders of said corporation held on September 16, 1889, it was unanimously determined by them, that as the corporation was insolvent, it should increase its capital stock to $30,000 and cancel its old stock

of $10,000; issuing new stock for $30,000, which should be paid for at its full par value by those purchasing it; and that all the assets belonging to the corporation before such reissuing of stock should be applied to the payment of its then existing indebtedness, provided, if any remained after paying the same, it should be divided between the then stockholders of its capital stock in proportion to the amount held by each.

Robert Carriens participated in that meeting, and agreed with the other stockholders that the foregoing should be done, and thereafter $30,000 of new shares of stock in the corporation was issued to such persons as would purchase it, they paying eighty per cent of the par value therefor, as they received it, and agreeing to pay the balance of its par value when called for by the corporation.

The assets of the corporation were all applied toward paying its debts, and there still remained unpaid $6,000 of debts, which were afterward charged upon the books of the corporation as an indebtedness to be paid from its assets created by selling the new $30,000 capital stock.

All this was done while Carriens still held the 250 shares of stock heretofore mentioned. No certificate of stock was ever issued by the corporation to Carriens or his assignees for any of the 250 shares of stock in question. Carriens, by written assignment, duly acknowledged and recorded, transferred for value all of the said shares so held by him, and they, by subsequent assignments, became the property of the appellant in the manner and at the time charged in the bill.

The corporation commenced doing business at Decatur, Illinois, immediately after it was organized, and has continued to do so ever since, but in 1891 it changed its corporate name to that of The Decatur Cracker Company.

Robert Carriens never purchased any of the $30,000 new or additional capital stock that was issued, nor did he or any of the assignees of the 250 shares of stock aforesaid, pay anything else to the corporation except the ninety-five per cent of the par value thereof, which Carriens paid as aforesaid.

The evidence further shows that the appellant demanded of the proper officers of the corporation to issue to him a certificate for the said shares, and to transfer the same on the books thereof to him, as charged in the bill, which was refused, and he was given to understand that he was not a stockholder therein, and would not be recognized as having any interest in the corporation whatever.

The contention now made by the appellant is that he knew nothing of the undertaking or agreements made by the stockholders of the corporation at their meeting held in September, 1889, and ought not to be bound thereby; as an innocent purchaser for value of the 250 shares of the capital stock aforesaid, he is not bound by anything which was done or agreed to be done by Carriens while he held the same.

We are of opinion, however, that the rule of innocent purchaser for value can not be invoked in this case by the appellant; and as the facts in this record show that the corporation, as first organized with a capital stock of $10,000, ceased to do business, and its affairs were in fact wound up by the directions of its stockholders (Carriens being one of them), for the reason that it was then insolvent, although no certificate to that effect was obtained from the Secretary of State, yet the increasing of the capital stock of the corporation, and the issuing of new stock—which was to be paid for at full par value, and the understanding of the stockholders that the $10,000 of stock issued first should be canceled when the assets of the corporation, as first organized, was applied to paying its then existing indebtedness, which was done, and the name of the corporation changed—in equity, at least, as between the corporation and its stockholders consenting thereto, was in effect a dissolution of the corporation as first organized, and the creation of a new corporation in which only the purchasers of the new stock had any interest.

We find no harmful error was committed by the trial court in admitting improper evidence, and we will presume that the chancellor who tried this case considered

only the proper evidence in the record, which is sufficient to satisfy us that the conclusion reached in the Circuit Court, is in accordance with the equitable rights of the parties; hence we affirm the decree rendered herein. Decree affirmed.